**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-2124**

_____

YAWO ADJINI,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals. (A97-208-954)

_____

Submitted: April 17, 2006            Decided: May 24, 2006

_____

Before MICHAEL, MOTZ, and KING, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Bart A. Chavez, CHAVEZ & ASSOCIATES, P.C., L.L.O., Omaha, Nebraska, for Petitioner. Paul J. McNulty, United States Attorney, Jonathan H. Hambrick, Assistant United States Attorney, Richmond, Virginia, for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Yawo Adjini, a native and citizen of Togo, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.[*]

In his petition for review, Adjini contends that the Board and the immigration judge erred in denying his application for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record, we find that Adjini failed to make the requisite showing before the immigration court. We therefore uphold the denial of his request for withholding of removal.

_____

[*]Adjini does not challenge the Board's finding that he was statutorily barred from asylum. Further, as he raised no specific claim regarding the Convention Against Torture either here or before the Board, any such claim fails for lack of exhaustion, see 8 U.S.C. § 1252(d)(1) (2000) ("A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right"); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004) (holding that we lack jurisdiction to consider an argument that was not raised before the Board), and is also abandoned in this court, see Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (holding failure to raise specific issue in opening brief constitutes abandonment of that issue under Fed. R. App. P. 28(a)(9)(A)).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED